**TUAVAO NEUFELDT, guardian ad litem for ANNJANETTE NEUFELDT, Plaintiff**

**v.**

**LEE DAE DON and ROSALIA DON, Does I-X, Defendants**

High Court of American Samoa
Trial Division

CA No. 16-98

September 18, 1998

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
 For Defendants, Malaetasi M. Togafau

## OPINION AND ORDER

This action is grounded on dog-bite injuries suffered by the minor plaintiff Annjanette Neufeldt (the "minor"), a five year old child at the time. Plaintiff Tuavao Neufeldt ("Tuavao") is the father of the minor and, as guardian *ad litem* for his daughter, has filed suit against the defendants Lee Dae Don and Rosalia Don (the "defendants"), the owners of the offending animal.

The parties are neighbors and live across the street from one another. In the late afternoon of March 7, 1997, Tuavao was out in the yard raking leaves by the roadway, with the minor nearby attempting to help him. Petelo Tuli ("Tuli"), another neighbor, was also in Tuavao's yard sitting in a hammock with a view of the road. Shortly, Mr. Lee's car pulled up. As it came to a stop, two dogs ran out from the defendants' yard across the road to Annjanette. One of the dogs, large and reddish in color, bit Annjanette on the calf area of her right leg. This dog belongs to the defendants and the incident was witnessed by both Tuavao and Tuli.

Tuavao then took the minor to the hospital where she was treated and discharged with antibiotics. A few weeks after the incident, the minor was examined by Dr. Aloiamoa Anesi, who noted tenderness on the wound area. Although a 1 cm scab had formed, the wound was still sensitive to pressure. The minor was also referred to Dr. Malaefou Elisaia of the Mental Health Clinic for evaluation of the parents' complaints about the minor having nightmares, a fear of dogs and showing "avoidance behavior." Dr. Elisaia felt that the minor had recovered from the experience and noted no "significant abnormalities" of a permanent nature as a result of the dog attack.

The evidence shows that the dog in question is quite clearly a "vicious animal," as that term is defined in A.S.C.A. § 25.161610(b).[1]

---

[1] This enactment provides:
. . . a vicious animal is one which, without provocation:
(1) has made an attack on a person whether or not the attack resulted in any injuries to the person;
(2) bitten any person; or
(3) displays snarling, snapping, growling, clawing or other behavior which tends to intimidate, frighten or subdue a person

This animal had previously bitten another young child in the neighborhood, witness Tuli's niece. The vicious nature of this dog is known to the defendants, who have been keeping six additional animals as a deterrent to would-be intruders since they fell victim to a prior burglary. The defendants' dogs are also well known in the area for charging at passersby on the roadway, who have to arm themselves with stones and other missiles to ward off the dogs. The law in the Territory is that "[n]o person may . . . possess . . . a live vicious animal." *See* A.S.C.A. § 25.1610(a). Defendants are in violation of this legal duty.

■ Additionally, this court in *Gebauer v. Gates*, CA No. 206-94, held that when a person is bitten by a dog, a rebuttable presumption arises that the owner is at fault.[2] *Slip Op.* at 3. (Trial Div. 1995) (citations omitted). "The owner of an animal is under a legal obligation to keep the animal under his control and to guard innocent parties from harm by the animal. Failure to do so entitles the injured party to recover from the animal's owner." *Id.* (citations omitted). *See also Leaea v. Sale*, CA No. 79-97, *slip op.* at 11-12 (Trial Div. 1998).

Here, the defendants made no attempt to rebut the presumption of liability save to unconvincingly attempt to disown the offending animal that they had previously licensed with the authorities. We conclude that the defendants are liable to the minor plaintiff for her injuries.

■ We find, however, that the evidence does not rise to the level of "malice" on the part of defendants such as would warrant a deterrent judgment in damages. *See Letuli v. Le'i*, 21 A.S.R.2d 77, 86 (Land & Titles Div. 1991). Plaintiff's prayer for punitive damages is denied.

■ Lastly, we recognize that the legal remedy of damages is inadequate without a multiplicity of suits. The harm caused by the dog is such that the minor would be required to bring repeated suits to effectuate her legal remedy unless the defendants are permanently enjoined from allowing their animals to roam unrestrained outside the confines of their own yard. In light of the animals' notorious proclivity for harassing passersby on the roadway and the large reddish dog's known disposition to attack and bite small children, injunctive relief is very appropriate. Plaintiffs' prayer for injunctive relief is, therefore, also granted.

Accordingly, considering the nature of the minor's injuries and awards

---

[2] This presumption can be overcome by an affirmative showing on the part of the defendant that the harm was caused by the fault of the plaintiff, the fault of a third person for whom the defendant is not responsible, or by an independent cause. *Gebauer*, slip op. at 3 (citations omitted).

we have given in similar circumstances, we fix damages in the amount of $5,000.

At the same time, defendants and each of them, their servants, agents, family members, and those in active concert with them are hereby enjoined from allowing any dogs, either owned by them or in their temporary possession and control, to roam unrestrained unless within a securely fenced area.

Judgment will enter accordingly.

It is so ordered.